IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CV-252-BO

| | |
|---|---|
| JANET EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on December 13, 2013, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively filed for DIB on February 5, 2009, alleging disability since January 1, 2008. Plaintiff's claim was denied initially and on reconsideration. After conducting a hearing and considering the claim de novo, an Administrative Law Judge (ALJ) found that plaintiff was not disabled in a decision issued on May 7, 2011. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review, and plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff met the insured status requirements and that there had been a continuous period of twelve months during which she had not engaged in any substantial gainful activity, the ALJ determined that plaintiff had the following severe impairments: disc herniation, disc bulge, history of laminectomy October 2008, left atrophy of kidney, and depression. The ALJ went

2

on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform light work with exertional and non-exertional limitations. At step four, the ALJ found that plaintiff could not perform her past relevant work, but found at step five that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

The ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). Here, the ALJ failed to consider plaintiff's allegations of pain or to weigh the credibility of her statements in light of objective medical evidence in the record. SSR 96-7p provides that when a medically determinable physical impairment exists that could reasonably be expected to produce pain, the effects of the claimant's pain must be evaluated to determine the extent to which the symptoms would affect the claimants ability to perform basic work activities. Moreover, the ALJ is then required to make a finding about the credibility of the claimant's pain and its effects.

The ALJ found as severe impairments plaintiff's disc herniation, bulge, and history of laminectomy. The medical evidence further reflects that following her back surgery an MRI revealed significant nerve root swelling with suggestion of edema and inflamation of the root. Tr. 319. In determining that plaintiff's surgery was apparently successful such that pain would have little or no effect on plaintiff's ability to work, the ALJ relied on plaintiff's statements as reflected in treatment notes, but did not mention plaintiff's hearing testimony that light sweeping and changing bed sheets causes pain that requires her to take a break from her activity, Tr. 41-42, that sitting caused pain from her thigh to her knee at a level of seven on a scale of one to ten, Tr. 51, and that she cannot sit long

3

enough to balance her checkbook. Tr. 53. In the absence of consideration and analysis of this evidence, the ALJ's RFC assessment is not supported by substantial evidence. The absence of a well-supported RFC also undermines the adequacy of the ALJ's hypothetical posed to the VE, which did not include any accommodation for pain such as a sit/stand option. A remand of this matter is therefore appropriate in order for the ALJ to properly consider and weigh plaintiff's subjective complaints of pain.

Additionally, though the ALJ chose to rely on plaintiff's statement that following surgery "she was doing a lot better than she was" prior to surgery, the ALJ failed to address, though he did mention, Dr. Lee's opinion that plaintiff should limit herself to sedentary work. Tr. 319. Though the ALJ ascribed considerable weight to the findings of Dr. Lee, he failed to discuss why he rejected Dr. Lee's opinion as to plaintiff's exertional abilities. Remand is also appropriate so that the ALJ might clarify his treatment of Dr. Lee's opinion.[1]

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 23] is GRANTED and defendant's motion for judgment on the pleadings [DE 25] is DENIED. This matter is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __13__ day of January, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court has found that remand is appropriate on these bases, it declines to consider plaintiff's remaining arguments.

4